USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/2/2025__

# MORTON S. MINSL

**Attorney at Law**

Admitted in both New York and ~~New Jersey~~

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849    Fax: 212-766-9798    E-Mail: Minsleylaw@me.com

April 1, 2025

**Via ECF**
Hon. Analisa Torres
United States District Judge
US District Court, SDNY
500 Pearl Street, Courtroom 15D
New York, NY 10007

Re:   Kiran Vuppala v. Kaishou, Inc, et al.
       US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)

Dear Judge Torres:

    In this matter, I have been retained and have appeared in this matter to represent Defendants KAISHOU INC. and VAISHNOMA LLC, in the above referenced action, which is an action for injunctive relief under the Americans With Disabilities Act, 42 USC § 12188, et. Seq.

    I am writing the Court, pursuant to your Honor's Individual Rules of Practice in Civil Cases, to request a pre-motion conference for permission to file to a motion to dismiss this action pursuant to FRCP Rule 12(b)(1) and/or 12(b)(6) for lack of subject matter jurisdiction and/or failure to state a claim, due to Plaintiff's lack of standing to prosecute this action.

    I also request that the Court adjourn the deadline for the parties to submit a joint letter and Case Management Plan and Scheduling order, which is due tomorrow April 2, 2025, while the Court considers the proposed request for a pre-motion conference.

    Plaintiff Kiran Vuppala is a serial filer of ADA cases having filed at least two hundred sixty (260) such cases on the SDNY Docket from 2015 to date.  (See ***Exhibit A***, hereto).

    The complaint in the present case is a cookie cutter, mad libs, fill in the blanks version of the complaints filed by Plaintiff and his attorney in the other cases that he has filed.  It is starkly deficient in alleging any facts sufficient to set forth standing to sue under the ADA pursuant to recent precedent in the Second Circuit and the SDNY.

    Plaintiff Vuppala, alleges that he is disabled person, but alleges no real basis for suing the Defendants herein. Plaintiff has sued location after location, but Plaintiff's complaint herein does not set forth his home address or even the vicinity in which he resides.   Plaintiff herein sues a midtown location but  alleges herein only that he works at 375 Pearl Street, New York, NY which Google Maps discloses is the Verizon Building located across from the Brooklyn Bridge in lower Manhattan.  He does not allege any realistic proximity to the location sued.

**Via ECF**
Hon. Analisa Torres, USDJ
Kiran Vuppala v. Kaishou, Inc, et al.
US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)
Page 2 of 4

The location sued is a Japanese restaurant located at 216 East 39th Street, New York, NY - on East 39th Street near the Queens Midtown Tunnel - nowhere near the Verizon Building where Plaintiff allegedly works. Plaintiff alleged basis for suit is only that he likes Asian Style restaurants and claims to have visited Defendant's restaurant once on an unspecified date. Plaintiff makes only a conclusory statement without any factual support that he intends to visit the location herein in the future if the alleged barriers to accessibility are removed. Plaintiff makes no realistic factual allegations that would establish standing to sue this particular location.

In **_TransUnion LLC v. Ramirez_**, 141 S. Ct. 2190 (2021), the US Supreme Court held that Article III of the Constitution confines Federal jurisdiction to "Cases and Controversies", and for there to be a 'case or controversy' before the Court, the Plaintiff must have a 'personal stake' in the litigation, and therefore 'standing'.

In **_Calcano v. Swarovski N. A. Ltd_**, 36 F. 4th 68 (2nd Cir. 2022), the 2nd Circuit followed TransUnion to impose a new, stricter standard for standing to plead or maintain an ADA action in this Circuit.

In **_Calcano_**, five (5) ADA actions were dismissed for lack of standing, where "missing from [their] conclusory allegations [of standing were] any explanation of how Plaintiffs were injured … or any specificity about Plaintiffs' prior visits to Defendants' stores that would support an inference that Plaintiffs intended to return". **_Calcano_**, 36 F. 4th at 72.

It is submitted that the **_Calcano_** standard will mandate dismissal of the instant case, because Plaintiff does not and cannot plead facts sufficient to establish injury in this action.

Under **_Calcano_**, cases like the present case where serial plaintiffs seek out and sue location after location in the Southern District of New York, without credibly alleging facts to establish injury, have been dismissed for lack of standing to sue.

In **_Gannon v. 31 Essex Street LLC_**, 2023 US Dist. LEXIS 7873 (SDNY 2023) a lawsuit against a prominent bakery – the Partybus Bakery on the lower East Side – was dismissed for lack of standing when sued by a serial filer who claimed to frequent the bakery and its vicinity and baldly claimed an intent to visit the location in the future. Similarly, in **_Gannon v. Yan Ping Ass'n, Inc_**., 2023 U.S. Dist. LEXIS 169325 (SDNY 2023), a similar ADA case was dismissed when filed by a plaintiff suing a downtown vintage clothing store, again for failure to adequately plead an ADA injury, despite alleging a desire to patronize the premises. See also **_Gannon v. Hua Da, Inc_**. 2023 LEXIS 53172, 2023 WESTTLAW 2664012 (SDNY 2023) (ADA lawsuit against a Manhattan deli/grocery dismissed for lack of standing.)[1]

Plaintiff Vuppala having filed 260 cases to date should bear particular note. In **_Calcano,_** in dismissing ADA actions for lack of Standing, the 2nd Circuit, noted:

---

[1] Present Defense Counsel was counsel for moving Defendants in **_31 Essex_** and **_Yan Ping_**.

**Via ECF**
Hon. Analisa Torres, USDJ
Kiran Vuppala v. Kaishou, Inc, et al.
US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)
Page 3 of 4

"We cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings. The … Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019. All of the complaints use identical language to state the same conclusory allegations. Of the roughly 6,300 words in Calcano's complaint against Swarovski, for example, only 26 words—consisting of party names, dates, and Defendants' office addresses and states of incorporation—are different from Dominguez's complaint against Banana Republic. ….This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury. *Calcano*, 36 F. 4th at 77 - 78.

Examining the pleadings on the SDNY Docket in the cases filed by Plaintiff Vuppala by his attorney, Bradley Weitz, one finds the identical pattern of 'cut and paste', mad libs pleadings throughout the year after year of Plaintiff's filings. Each complaint – against different establishments and places of business – invariably consists of 41 identical paragraphs except for conclusory allegations of injury in paragraphs 4 and 14 and some fill in the blanks allegations about barriers to accessibility in Paragraph 16 of the Complaint. (See Plaintiff's ADA Docket, Exhibit A, hereto).

As noted by *Calcano*, the backdrop of Plaintiff's 260 serial filings with his mad libs style complaints confirms the implausibility of his claim of injury in the present case, and further mandates dismissal of this action.

One further issue must be mentioned, Plaintiff is represented in this ADA filing by Attorney B. Bradley Weitz, Esq. of the Weitz law firm. From 2015 to the present, Mr. Weitz has represented another serial ADA Plaintiff, Lin Kwok Keung, who has filed 58 cases, nearly all against establishments in the Chinatown section of Manhattan. Last month, Mr. Weitz and his client voluntarily dismissed an ADA lawsuit against a Chinatown Defendant when faced with a potential *Calcano* motion and threatened with possible sanctions by Judge Subramanian of this Court if the motion was granted. See, *Keung v. Sam's Fresh Deli, Inc, et al*, US Dist. Ct., SDNY, Docket No. 1:24 cv. 08856 (AS). (This is also after having withdrawn three Chinatown cases in 2022 when faced with similar *Calcano* motions against that filer – See *Keung v. Patisseries Saines Corp.* 22-Cv. 03725 (JPC), *Keung v. Spa for Live McKenzie, Inc.,* et. Al., 22-Cv-03727 (JHR), and *Keung v. Mays Beauty Salon & Spa, Inc*. 22-Cv.-04466 (LGS).[2]

Prior to filing this letter, I requested by e-mail that Plaintiff's counsel agree to voluntarily dismiss the present case pursuant to Calcano and the cases following Calcano, but have received no response.[3]

---

[2]  Present Counsel was counsel to Defendants in all three Keung cases cited above voluntarily withdrawn by Counsel Weitz.

[3]  Counsel Weitz is also counsel to another serial filer, Luigi Girotto, who has filed 242 cases between 2013 and the present. In the action *Girotto v. Allouche Gallery Inc, et al.*, US Dist. Ct., SDNY, Docket No. 1:24 cv. 009597 (MKV), I also requested that Plaintiff's counsel voluntarily withdraw that action, and have filed a letter requesting a pre-motion conference before Judge Vyskocil. No response has been received from Plaintiff's counsel to either my request to withdraw or to my request for a pre-motion conference on my proposed motion to dismiss.

<u>Via ECF</u>
Hon. Analisa Torres, USDJ
Kiran Vuppala v. Kaishou, Inc, et al.
US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)
Page 4 of 4

      Based on the above, it is submitted that Defendants herein have a highly meritorious motion to dismiss the Complaint herein for lack of standing to sue, and the Court should schedule a pre-motion conference on this issue.

      Further, it is requested that, pending the decision of the Court on Defendant's request for a pre-motion conference, the deadline for the parties to submit a Joint letter and a Case Management schedule be adjourned sine die.

      Thanking your Honor for your consideration, I am,

      Respectfully,

      Morton S. Minsley

MSM: mm
Enc.
cc.:    Bradley Weitz, Esq.  Attorney for Plaintiff (VIA ECF)


By **April 8, 2025**, Plaintiff shall respond to Defendants' pre-motion letter.
By **April 15, 2025**, the parties shall file their joint letter and proposed case management plan.

SO ORDERED.

Dated: April 2, 2025
      New York, New York

                               ANALISA TORRES
                            United States District Judge