USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/15/2025__

# MORTON S. MINSL

### Attorney at Law

#### Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849    Fax: 212-766-9798    E-Mail: Minsleylaw@me.com

April 11, 2025

**Via ECF**
Hon. Analisa Torres
United States District Judge
US District Court, SDNY
500 Pearl Street, Courtroom 15D
New York, NY 10007

Re:   Kiran Vuppala v. Kaishou, Inc, et al.
      US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)

Dear Judge Torres:

    As your Honor is aware, I represent Defendants KAISHOU INC. and VAISHNOMA LLC, in the above referenced action, which is an action for injunctive relief under the Americans With Disabilities Act, 42 USC § 12188, et. Seq.   Yesterday, at DE 16, your Honor granted Defendants' request for leave to file a motion to dismiss the complaint for lack of subject matter jurisdiction/lack of standing to sue herein.  Previously your Honor extended the time for the parties to file a joint letter and case management plan herein to April 15, 2025 [DE 15].  However, based on your Honor's granting of leave to file Defendants' motion to dismiss, I am writing to request that your Honor extend or cancel your Honor's order in this matter that the parties file a case management plan by April 15, 2025, and instead extend the time to file a case management plan until after your Honor decides Defendants' motion to dismiss.

    It is submitted and requested that the parties – particularly Defendants - not be compelled to expend time and money engaging in discovery and other litigation where Defendants have a high likelihood of success on their motion to dismiss.

    Defendants' motion to dismiss is highly meritorious and likely to succeed for the following reasons.

    As noted by SDNY Magistrate Judge Cott in **_Gannon v. Yan Ping Ass'n, Inc_**. 2023 US Dist. LEXIS 169325 (SDNY 2023), adopted by USDJ Woods, 2023 Dist. 182920 (SDNY Oct. 7, 2023),

> A plaintiff asserting subject matter jurisdiction [in an ADA case] bears the burden of establishing that jurisdiction exists by a preponderance of the evidence. **_Morrison v. Nat'l Australia Bank Ltd_**., 547 F.3d 167, 170 (2d Cir. 2008) (citing **_Makarova v. United States_**, 201 F.3d 110, 113 (2d Cir. 2000)).  When evaluating jurisdictional factors such as standing, "no presumptive truthfulness attaches to the complaint's jurisdictional allegations." **_Frisone v. Pepsico, Inc_**., 369 F. Supp. 2d 464, 469-70 (S.D.N.Y. 2005) (**_quoting Augienello v. Fed._**

**Via ECF**
Hon. Analisa Torres, USDJ
Kiran Vuppala v. Kaishou, Inc, et al.
US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)
Page 2 of 3

*__Deposit Ins. Corp__*., 310 F. Supp 2d 582, 587 (S.D.N.Y. 2004).

Magistrate Judge Cott continued in *__Yan Ping__*:

The Second Circuit has held that in order to establish standing in the ADA context, a plaintiff must satisfy three requirements: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [businesses] to plaintiff's home, that plaintiff intended to return to the subject location." *__Calcano v. Swarovski N. Am. Ltd__*., 36 F.4th 68, 74 (2d Cir. 2022) (quoting *__Kreisler v. Second Ave. Diner Corp.__*, 731 F.3d 184, 187-88 (2d Cir. 2013).

Finally, Mag. Judge Cott noted:

In order to satisfy the third factor, it is not sufficient simply to plead the "magic words" that the plaintiff "intends [*5] to return"; rather, the plaintiff must plausibly allege "a real and immediate threat of future injury." Id. at 74-75 (citation omitted). The "material risk of future harm" must be "sufficiently imminent and substantial."

Finally, as previously noted, in *__Calcano__*, it was held:

"We cannot ignore the broader context of Plaintiffs' transparent cut-and-paste and fill-in-the-blank pleadings. The … Plaintiffs before us filed eighty-one of over 200 essentially carbon-copy complaints between October and December 2019. All of the complaints use identical language to state the same conclusory allegations. Of the roughly 6,300 words in Calcano's complaint against Swarovski, for example, only 26 words—consisting of party names, dates, and Defendants' office addresses and states of incorporation—are different from Dominguez's complaint against Banana Republic. ….This backdrop of Plaintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury. *__Calcano__*, 36 F. 4th at 77 - 78.

In the present case, Plaintiff's complaint presents only conclusory, boilerplate "magic words" in reference to the requirements to establish standing in an ADA case.    Plaintiff does not establish proximity to the location sued, nor any history of past visits, or any facts that would establish an intent to return to patronize the location.

To quote/paraphrase SDNY District Judge Furman in *__Gannon v. Hua Da, Inc__*., 2023 U.S. Dist. LEXIS 53172 (SDNY 2023):

[Plaintiff] fails to explain "what is distinctive about" Defendants' [Japanese Restaurant][1] — one of literally thousands on the island of Manhattan — or "why he wants to" visit the place

---

[1] In Hua Da, the location sued was a deli/grocery.  But the same rationale applies to the present case.  In fact, Plaintiff's letter opposing Defendants' application for leave to file the motion to dismiss attaches google maps printout of an unlikely journey up the FDR Drive from the Brooklyn Bridge to midtown Manhattan, certainly bypassing numerous similar Japanese Restaurants in the process, to access a restaurant which, according to Plaintiff's complaint, he has never actually dined at or patronized.

**Via ECF**
Hon. Analisa Torres, USDJ
Kiran Vuppala v. Kaishou, Inc, et al.
US Dist. Ct., SDNY, Docket No. 1:24 cv. 009208 (AT)
Page 3 of 3

"'so urgently' that he intends to do so immediately upon the removal of the alleged barriers." Id. Absent "such additional allegations," the Court "is unable to draw an inference that he would return to the Premises in the future" and must dismiss his ADA claims for lack of subject-matter jurisdiction.[2]

Based on the above, it is submitted that Defendants have a strong likelihood of success to prevail on their motion to dismiss. It is therefore requested that the Court adjourn or suspend the obligation to proceed with a case management plan and expensive discovery until after the Court rules on Defendants' motion to dismiss.

Note finally that pursuant to this Court's individual rules, I e-mailed Plaintiff's counsel last night to request his consent to this application and he declined to consent, stating "we do not consent to your stay/adjournment application as we intend to timely prosecute this matter, and there is no issue with Plaintiff's standing".

Based on the above, it is therefore requested that Defendants' application to stay or adjourn the parties' deadline to submit a joint letter and case management plan be granted.

Thanking your Honor for your consideration, I am,

Respectfully,

Morton S. Minsley

MSM: mm
Enc.
cc.:   Bradley Weitz, Esq.  Attorney for Plaintiff (VIA ECF)

DENIED. By **April 18, 2025**, the parties shall file their joint letter and jointly proposed case management plan.

SO ORDERED.

Dated: April 15, 2025
       New York, New York

ANALISA TORRES
United States District Judge