UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRAN VUPPALA,

                          Plaintiff,

            -against-

KAISHOU INC., a New York corporation,
d/b/a SUSHI RYUSEI, and VAISHNOMA LLC,
a New York limited liability company,

                          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/2/2026____

24 Civ. 9208 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Kiran Vuppala, a disabled individual, brings this lawsuit against Defendants Kaishou Inc. and Vaishnoma LLC, entities which collectively own and operate a sushi restaurant in midtown Manhattan known as Sushi Ryusei. Vuppala alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, Am. Compl. at ¶¶ 7–20, ECF No. 30, and of state and city antidiscrimination law, Am. Compl. at ¶¶ 21–37. Before the Court is Defendants' second motion to dismiss, which alleges that Vuppala has not sufficiently alleged that he has standing to bring this lawsuit. *See* Mot., ECF No. 34; Mem., ECF No. 36. For the reasons set forth below, Defendants' motion is denied.

## BACKGROUND

Vuppala works in lower Manhattan and is a paraplegic who uses a wheelchair for mobility. Am. Compl. at ¶ 4. On June 9, 2024, Vuppala visited Sushi Ryusei and claims he was "denied full and equal access" to its facilities, Am. Compl. at ¶ 4, in part because the restaurant's entrance included multiple steps, featured no accessible entrance, and did not provide a safe exit for disabled individuals. *See id.* at ¶¶ 13, 16.

In support of his ADA cause of action, Vuppala alleges that he visits the "specific area of" Sushi Ryusei "on an approximate monthly basis," "regularly dines at restaurants in Manhattan," and

"really enjoys eating [] Japanese/sushi cuisine." *Id.* ¶ 14.  Vuppala also alleges that he is a

vegetarian, and that Sushi Ryusei carries "unique vegetarian options" that he would intend to eat were

Sushi Ryusei accessible, such as soba noodles, udon noodles, vegetable tempura, hijiki salad, tamago,

and avocado rolls.  *Id.* ¶ 14.  "[A]fter [Sushi Ryusei] is made accessible and ADA compliant,"

Vuppala states he "plans to, and shall, promptly visit the remarkable Sushi Ryusei to dine,"

emphasizing that it is "located only approximately 15 minutes from his Manhattan workplace."  *Id.* at

¶ 14.  Although Vuppala claims that he plans to visit Sushi Ryusei in the future, he does not allege

that he was ever denied access to the restaurant's facilities, save for his June 9, 2024 visit.  *See*

*generally id.*

## LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when

the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United*

*States*, 201 F.3d 110, 113 (2d Cir. 2000).[1]  For a federal court to possess the constitutional power

necessary to adjudicate any claim, the plaintiff must have standing.  *See Lowell v. Lyft, Inc.*, 352 F.

Supp. 3d 248, 254 (S.D.N.Y. 2018).  A party possesses standing if (1) she has suffered an "injury in

fact" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical,"

(2) the alleged injury is "fairly traceable" to the defendant's conduct, and (3) it is "likely . . . that the

injury will be redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61

(1992) (cleaned up) (citations omitted).

When a plaintiff brings an ADA claim seeking injunctive relief, the Second Circuit has held

that a plaintiff suffered an injury in fact when:  (1) she "alleged past injury under the ADA," (2) "it

---

[1] Although Defendants state that they bring their motion under Rule 12(b)(1) and "and/or pursuant to [] Rule 12(b)(6) for failure to state a claim upon which relief can be granted," Defendants' memorandum raises no distinct argument aside from their standing argument, which this Court construes and evaluates solely as an argument under Rule 12(b)(1).  Mem. at 5.  *See, e.g.*, *Gannon v. 31 Essex Street LLC*, No. 22 Civ. 1134, 2023 WL 199287, at *2 (S.D.N.Y. Jan. 17, 2023).

was reasonable to infer that the discriminatory treatment would continue," and (3) "it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' businesses to plaintiff's home, that plaintiff intended to return to the subject location."  *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (alteration adopted) (quoting *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)).  The Court "must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction."  *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

## DISCUSSION

Defendants claim that Vuppala's lawsuit should be dismissed under the Second Circuit's decision in *Calcano v. Swarovski N.A. Ltd.*, 36 F.4th 68 (2d Cir. 2022), on the basis that Vuppala has only relied on "conclusory allegations that he or she lives in some vague proximity to a location . . . and intends to shop at or patronize the location at some vague time in the future."  Mem. at 2–3.  Defendants argue that Vuppala's vague, unsupported assertions do not give rise to the inference that, "based on the past frequency of plaintiff's visits and the proximity of defendant[s] to plaintiff's home, that plaintiff intended to return" to Sushi Ryusei.  *Calcano*, 36 F.4th at 74–75 (quoting *Kreisler*, 731 F.3d at 187–88).

Defendants point to numerous cases in this district that have been dismissed on similar grounds.  *See* Mem. at 6–9.  For example, in *Gannon v. 31 Essex Street*, the Honorable Edgardo Ramos found that the plaintiff insufficiently pleaded an intent to return, because he provided no explanation why he wished to access the property or "why he would want to access it in the future" and the allegations were "even less detailed and more conclusory than those in the *Calcano* case."  *Gannon v. 31 Essex Street LLC*, No. 22 Civ. 1134, 2023 WL 199287, at *3–4 (S.D.N.Y. Jan. 17, 2023); *see also Gannon v. JBJ Holdings, LLC*, No. 22 Civ. 1674, 2022 WL 6698222, at *2–3

3

(S.D.N.Y. Oct. 11, 2022) (same); *Calcano*, 36 F.4th at 76 (dismissing lawsuit where plaintiffs pleaded "conclusory" allegations which merely "parrot[ed]" legal conclusions from a prior Second Circuit case).  Likewise, in *Hennessy ex rel. Hennessy v. Poetica Coffee Inc.*, No. 21 Civ. 5063, 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022), the Honorable Kiyo A. Matsumoto of the Eastern District of New York dismissed a lawsuit where a plaintiff had pleaded facts "materially indistinguishable from the allegations at issue in *Calcano*."  *Id.* at *4.

But here the factual allegations are sufficient to "affirmatively and plausibly suggest that [Vuppala] has standing to sue."  Mem. at 4.  Unlike the cases Defendants cite, Vuppala's complaint provides more specific, non-conclusory allegations in three ways:  it specifies the proximity of Sushi Ryusei to his place of work, it denotes the specific date on which Vuppala visited Sushi Ryusei, and it explains why Vuppala may wish to patronize Sushi Ryusei in the future (for example, that he enjoys Japanese cuisine, that the restaurant is well-rated, and that he would like to try its vegetarian options). Am. Compl. ¶ 14.

In this manner, Vuppala's allegations are more in line with cases in this Circuit where courts have found standing to seek ADA injunctive relief.  In fact, the *Calcano* court even noted that, in a previous case, the Second Circuit had found standing where a plaintiff claimed a diner was inaccessible by stating that they "lived within several blocks of the [d]iner," "passed by it three to four times a week," and "frequented diners in [the] neighborhood often."  36 F.4th at 75–76 (cleaned up) (citing *Kreisler*, 731 F.3d at 186–88).  Although Vuppala does not claim to live within "several blocks" of Sushi Ryusei (and a lunchtime drive from lower to midtown Manhattan may only take "approximately . . . 15 minute[s]" under absolutely ideal conditions, Am. Compl. ¶ 14), he has nonetheless alleged sufficient information to create an inference that his intent to return to Sushi Ryusei is, at least, plausible.  *See Volfman v. Miss Du's Tea Shop Inc.*, No. 24 Civ. 2973, 2025 WL 1621628, at *3 (S.D.N.Y. June 9, 2025) (holding that a plaintiff "adequately plead[ed]" an intent to

return where the plaintiff alleged that positive online reviews inspired an ongoing interest and identified a specific product the plaintiff would purchase).

Accordingly, the Court finds that Vuppala has sufficiently alleged that he has standing to seek injunctive relief under the ADA.

### CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED.  The Clerk of Court is respectfully directed to terminate the motion at ECF No. 34.

By **April 1, 2026**, the parties shall file motions for summary judgment in accordance with Rule III(C) of the undersigned's Individual Practices in Civil Cases.

SO ORDERED.

Dated: March 2, 2026
New York, New York

_____
ANALISA TORRES
United States District Judge