USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRAN VUPPALA,

Plaintiff,

-against-

KAISHOU INC., a New York corporation, d/b/a SUSHI RYUSEI, and VAISHNOMA LLC, a New York limited liability company,

Defendants.

24 Civ. 9208 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Kiran Vuppala, brings this lawsuit against Defendants, Kaishou Inc. and Vaishnoma LLC, entities which collectively own and operate Sushi Ryusei, a sushi restaurant in midtown Manhattan. *See* Am. Compl. at ¶¶ 4–5, 14, ECF No. 30. Vuppala alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*; Am. Compl. ¶¶ 7–20, and of state and city antidiscrimination laws, Am. Compl. ¶¶ 21–37. On March 2, 2026, the Court denied Defendants' second motion to dismiss for lack of subject matter jurisdiction. *See* Order, ECF No. 45 (the "MTD Order"). Before the Court is Defendants' motion to certify an interlocutory appeal of the MTD Order. *See* Mot., ECF No. 61; *see also* Mem., ECF No. 62; Opp., ECF No. 65; Reply, ECF No. 66.

**BACKGROUND**

Vuppala works in lower Manhattan and is a paraplegic who uses a wheelchair for mobility. *See* Am. Compl. ¶ 4. On June 9, 2024, Vuppala visited Sushi Ryusei and claims he was "denied full and equal access" to its facilities, *see id.*, in part because the restaurant's entrance included multiple steps, featured no accessible entrance, and did not provide a safe exit for disabled individuals. *See id.* ¶¶ 13, 16.

In support of Vuppala's ADA cause of action, he alleges that he visits the "specific area of" Sushi Ryusei "on an approximate monthly basis," "regularly dines at restaurants in Manhattan," and "really enjoys eating [] Japanese/sushi cuisine." *Id.* ¶ 14. Vuppala claims he is vegetarian and that Sushi Ryusei carries "unique vegetarian options" that he would intend to eat were Sushi Ryusei accessible, such as soba noodles, udon noodles, vegetable tempura, hijiki salad, tamago, and avocado rolls. *Id.* "[A]fter [Sushi Ryusei] is made accessible and ADA compliant," Vuppala states he "plans to, and shall, promptly visit the remarkable Sushi Ryusei to dine," emphasizing that it is "located only approximately 15 minutes from his Manhattan workplace." *Id.* Although Vuppala claims that he plans to visit Sushi Ryusei in the future, he does not allege that he was ever denied access to the restaurant's facilities, save for his June 9, 2024 visit. *See generally* Am. Compl.

Defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Vuppala lacks standing to challenge Sushi Ryusei's compliance with the ADA because he does not plausibly allege that he intends to patronize Sushi Ryusei in the future. *See* ECF No. 36 ("MTD Mem."), at 2–5; *see Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74–78 (2d Cir. 2022) (explaining standing requirements for ADA plaintiffs suing businesses). The Court denied Defendants' motion, finding that Vuppala's "factual allegations are sufficient to affirmatively and plausibly suggest that [Vuppala] has standing to sue," based on his "specific, non-conclusory allegations" regarding the proximity of Sushi Ryusei to Vuppala's place of work, the specific date on which Vuppala visited Sushi Ryusei, and why Vuppala may wish to patronize Sushi Ryusei in the future. MTD Order at 4 (internal quotation marks and citation omitted).

## LEGAL STANDARD

"It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996). 28 U.S.C. §

1292(b) provides a "rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler*, 101 F.3d at 865.

Under § 1292(b), a district court may certify an order for interlocutory appeal when (1) "such order involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Courts place particular weight on the last of these three factors[,] which is satisfied if that appeal promises to advance the time for trial or to shorten the time required for trial." *Tantaros v. Fox News Network, LLC*., 465 F. Supp. 3d 385, 389 (S.D.N.Y. 2020) (citation and quotation marks omitted). "The moving party has the burden of establishing all three elements." *Youngers v. Virtus Inv. Partners Inc*., 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (citation and quotation marks omitted).

"Although 28 U.S.C. § 1292(b) has three criteria for assessing whether to certify an order for interlocutory appeal, district courts retain unfettered discretion to deny certification of an order for interlocutory appeal even where the three legislative criteria of section 1292(b) appear to be met." *Stratton v. Wallace*, No. 11 Civ. 74, 2016 WL 3552147, at *2 (W.D.N.Y. Apr. 5, 2016). Certification may be denied for "any reason, including docket congestion" and "the system-wide costs and benefits of allowing the appeal." *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir. 1990). In general, "use of [§ 1292(b)'s] certification procedure should be strictly limited [to] exceptional circumstances." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996).

**DISCUSSION**

Defendants have not met their burden to demonstrate that interlocutory appeal is warranted in this case.

As to the first prong of § 1292(b), Defendants fail to identify a controlling question of law. A question of law "must refer to a pure question of law that the reviewing court could decide quickly

and cleanly without having to study the record." *Capitol Recs., LLC v. Vimeo, LLC*, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). The application of a settled legal standard to a unique factual record does not present a pure question of law. *See SEC v. Ripple Labs, Inc.*, 697 F. Supp. 3d 126, 132–33 (S.D.N.Y. 2023). Here, Defendants "do[] not argue that the Court applied the wrong legal standard in deciding" whether Vuppala has standing. *Id.* at 132; *compare* Mem. at 4 ("On a motion to dismiss for lack of standing, the Plaintiff bears the burden of alleging facts that affirmatively and plausibly suggest that the Plaintiff has standing to sue."), *with* MTD Order at 4 ("[H]ere[,] the factual allegations are sufficient to affirmatively and plausibly suggest that [Vuppala] has standing to sue." (internal quotations marks and citation omitted)). Instead, Defendants disagree with the Court's conclusion that Vuppala alleged sufficient facts to meet that standard. *See* Mem. at 3–9. Defendants "essentially ask[] whether, considering the totality of the circumstances in this case," Vuppala has standing to sue. *Capitol Recs., LLC*, 972 F. Supp. 2d at 554–55. Such a context-specific inquiry does not present a pure question of law for appellate review. *See id.*

Second, Defendants do not demonstrate substantial grounds for difference of opinion with respect to whether Vuppala plausibly alleges standing. Defendants primarily rely on decisions dismissing complaints that the Court has already determined to be less robust than Vuppala's. *Compare* Mem. at 7–9, *with* MTD Order at 3–4. The only additional case Defendants identify undermines, rather than supports, their argument. In *Adams v. Giga Greenpoint Realty*, No. 24 Civ. 5581 (E.D.N.Y. filed Aug. 9, 2024), the Honorable Cheryl L. Pollak found that an ADA plaintiff's motion for a default judgment should be denied because he "narrowly fail[ed] to establish his standing" by not alleging "*why* the plaintiff intend[ed] to return to defendants' particular restaurant or . . . his specific interest in defendants' offerings." R. & R. at 14, *Adams*, No. 24 Civ. 5581, ECF No. 16, *adopted* July 24, 2025 (emphasis in original). By contrast, Vuppala "explains why [he] may wish

to patronize Sushi Ryusei in the future (for example, that he enjoys Japanese cuisine, that the restaurant is well-rated, and that he would like to try its vegetarian options)." MTD Order at 4.

Finally, Defendants fail to show that interlocutory appeal would materially advance the termination of this litigation. Section 1292(b) is concerned with the "institutional efficiency of the federal judiciary," and "the benefit to the district court of obviating needless trial time must outweigh the inefficiency to the Court of Appeals in hearing multiple appeals in the same case." *In re Currency Conversion Fee Antitrust Litig.*, No. M 21-95, 2005 WL 1871012, at *3 (S.D.N.Y. Aug. 9, 2005). "It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." *Harriscom Svenska AB v. Harris Corp*., 947 F.2d 627, 631 (2d Cir. 1991).

Defendants argue that "if the Second Circuit finds that Plaintiff does not have standing to pursue his ADA claim, then the motion to dismiss must be granted thereby ending this action." Mem. at 9. Not necessarily: Vuppala may be granted leave to amend his amended complaint, prolonging rather than terminating the litigation. *See Hayden v. Cnty. of Nassau,* 180 F.3d 42, 53 (2d Cir. 1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."). And given the fact-specific nature of the question Defendants seek to appeal, it does not further judicial efficiency for an appellate panel to familiarize itself with Vuppala's allegations rather than abiding by the "basic tenet of federal law to delay appellate review until a final judgment has been entered." *Koehler*, 101 F.3d at 865. In sum, Defendants do not demonstrate that this is the "rare" case where interlocutory appeal is appropriate. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants' motion is DENIED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 61.

By **December 1, 2026**, the parties shall file a joint status update advising whether they wish to be referred to the Honorable Stewart D. Aaron for a settlement conference.

SO ORDERED.

Dated: November 17, 2026
New York, New York

ANALISA TORRES
United States District Judge